

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

KELLY HOAG,

                              Plaintiff,

v.

CAROLYN W. COLVIN,
*Commissioner, Social Security Administration*,

                            Defendant.

Civil Action No. 3:13-CV-477

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Kelly Hoag's objections to Judge Novak's Report and Recommendation (R&R) affirming the Social Security Administration's denial of an application for Social Security Disability and Supplemental Security Income payments ("Objs. to R&R") (ECF No. 17). The Commissioner of the Social Security Administration's (Carolyn Colvin) decision to deny benefits was based on a finding by an Administrative Law Judge ("ALJ") who determined that Hoag is not disabled according to the Social Security Act. Judge Novak recommends that the Court DENY Hoag's Motion for Summary Judgment, GRANT the Commissioner's Motion for Summary Judgment, and AFFIRM Colvin's decision denying benefits to Hoag.

Hoag's objections to the R & R are (1) the assessment of the opinions of the treating Rheumatologist; and (2) the assessment of the ALJ's credibility analysis. For the reasons set forth below, the Court OVERRULES Hoag's objections and ADOPTS Judge Novak's R&R.

### I.    **BACKGROUND**

There is a five-step analysis conducted for the Commissioner by an ALJ to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520. The ALJ considers whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an

1

impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) could continue performing work that he did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; *see Rogers v. Barnhart*, 216 F. App'x 345, 347–48 (4th Cir. 2007). If, at any step of that analysis, the ALJ is able to determine that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In this case, the ALJ found that Hoag is not disabled at step five of the analysis. He found that (1) Hoag had not performed substantial gainful activity; (2) Hoag suffered the severe impairments of Rheumatoid Arthritis ("RA") and depression; (3) the impairments did not meet any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) Hoag had the residual functional capacity ("RFC") to perform sedentary work with certain limitations, but could not perform any of her past relevant work. However, at step five of the analysis, the ALJ found that, based upon vocational expert ("VE") testimony and considering Plaintiff's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that Hoag could perform. Accordingly, the ALJ determined that Hoag was not disabled under the Act.

The Appeals Council subsequently denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 3). Hoag appealed this determination, arguing that (1) the ALJ failed to accord Hoag's treating physician controlling weight, and (2) the ALJ incorrectly assessed Hoag's credibility and, as a result, erred in determining Hoag's RFC. Judge Novak subsequently found that (1) substantial evidence supported the ALJ's decision to afford less than controlling weight to Hoag's treating physician's opinion, and (2) the ALJ did not err in assessing Plaintiff's credibility. The R&R agrees with the Commissioner's determination and recommends that the Court DENY Hoag's Motion for Summary Judgment, GRANT the Commissioner's Motion for

Summary Judgment, and AFFIRM the decision denying benefits to Plaintiff.

Hoag now objects to the R&R alleging that (1) the type of analysis engaged in by the R&R with respect to the assessment of the opinions of the treating Rheumatologist (Dr. Rosalia Lomeo, M.D.) is beyond the scope of review by this Court; and (2) the R&R and ALJ improperly assessed Hoag's credibility. Hoag also incorporates in her objections, the arguments set forth in her "initial memorandum"[1] (pp. 22–27) as to why the specific, discrete reasons set forth with regards to Dr. Lomeo's credibility in the ALJ's decision are not supported by substantial evidence.

## II. **STANDARD OF REVIEW**

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks and citation omitted). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* (internal quotation marks and citation omitted). In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176 (citation omitted).

A court reviews any portion of a Magistrate Judge's report and recommendation that has

---

[1] When Hoag refers to her "initial memorandum," the Court assumes she is referring to her memorandum in support of her motion for summary judgment (ECF No. 10).

been properly objected to *de novo*. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In order to properly object, a party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

### III. <u>ANALYSIS</u>

Hoag's present objections do not simply restate previously made arguments; rather, she objects to specific determinations made by Judge Novak. Therefore, Hoag has objected with sufficient specificity to warrant *de novo* review. *See Midgette*, 478 F.3d at 622.

**A. Judge Novak properly concluded that substantial evidence supports the ALJ's decision to afford less than controlling weight to Dr. Lomeo's RFC assessment.**

Hoag first contends that the type of analysis engaged in by the R&R is beyond the scope of review by this Court. Rather than "scouring the record" to offer possible alternative reasons for denying her claim, Hoag argues the Court must only focus on the substantiality of evidence supporting the analysis in the ALJ's decision, itself. (Objs. to R&R 2.) Specifically, Hoag notes that the R&R, in support of its conclusion, relies on (1) Dr. Lomeo's own medical records; (2) other medical evidence; (3) Hoag's own written statements; and (4) Hoag's hearing testimony. The ALJ decision, on the other hand, notes that Dr. Lomeo's opinion is given little probative weight because (1) it is inconsistent with the longitudinal medical evidence, including Dr. Lomeo's own treatment notes; and (2) it is inconsistent with the examination findings made in 2009 and 2011. (R. at 37).

To determine whether substantial evidence exists to support the Commissioner's findings, the Court may not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *See Mastro*, 270 F.3d at 176. Additionally, in considering the decision of the Commissioner, the Court must "take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). The Court is bound to affirm an ALJ's decision "only upon the

4

reasons he gave." *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) (citations omitted). Nonetheless, the reviewing court must base its decision on a review of the record as a *whole* and "may look to any evidence in the record, regardless of whether it has been cited by [the Commissioner]." *Heston v. Comm'r Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citation omitted); *see also Rose v. Astrue*, No. 3:11-CV-701, 2012 WL 6026473, at *5 (E.D. Va. Dec. 4, 2012). Furthermore, the Fourth Circuit has noted, "If a reviewing court can discern what the ALJ did and why he did it, the duty of explanation is satisfied." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (internal quotation marks and citation omitted).

In this case, Judge Novak did not re-weigh evidence, make credibility determinations, substitute his judgment, or recommend affirming the Commissioner's decision based on reasoning not provided by the ALJ. Instead, Judge Novak examined the reasons provided by the ALJ and properly reviewed the entirety of the record for substantial evidence in support of such reasoning. Regardless of whether or not the ALJ explicitly cited Hoag's own statements or her hearing testimony, these pieces of the record lend credence to the ALJ's determination that Dr. Lomeo's opinion should be given little weight. With the foregoing in mind, Judge Novak properly considered the record in its entirety, and accordingly held that substantial evidence supported the Commissioner's decision. Therefore, Hoag's arguments are unavailing.

Secondly, Hoag incorporates into her objections the arguments set forth in her initial memorandum (pp. 22–27), which allege that the ALJ's decision to give Dr. Lomeo's opinions "little weight" or "little probative weight" is not supported by the record.

In considering the claimant's RFC, the ALJ must consider "all of the relevant medical and other evidence" in the record. 20 C.F.R. §§ 416.945(a)(1), 416.945(3). If the medical evidence, including all medical examinations by all physicians is consistent, then the ALJ makes a determination based on all the evidence. 20 C.F.R. § 416.927(c)(1). However, if any of the evidence is inconsistent, the ALJ must decide which evidence should receive controlling weight. 20 C.F.R. § 416.927(c)(2), (d). A treating physician's opinion must be given controlling weight if:

5

(1) it is well-supported by medically-acceptable clinical and laboratory diagnostic techniques, and (2) is not inconsistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. § 416.927(d)(2); SSR 96-2p. However, if the treating source's opinion is not well-supported by medically acceptable techniques or is inconsistent with the other substantial evidence in the case, then the treating physician's opinion will not be given controlling weight. *See Craig*, 76 F.3d at 590. The treating physician's opinion will also not be given controlling weight if the physician opines on an issue reserved for the Commissioner, such as whether the claimant is disabled for employment purposes. *Jarrells v. Barnhart*, No. 7:04-CV-411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005); *accord* 20 C.F.R. § 404.1527(d)(3)-(4), (e). If the opinion is deemed not-controlling, then the ALJ determines the weight of the opinion by considering the factors in 20 C.F.R. § 404.1527: the length, nature, and extent of the treatment relationship; frequency of examinations; supportability by relevant evidence; consistency with the record as a whole; the physician's degree of specialization; and any other factors tending to support or contradict the opinion. § 404.1527(c)(2)–(6); *Hines*, 453 F.3d at 563.

In this case, Dr. Lomeo's RFC assessment from July 22, 2009, indicated that Hoag had the ability to sit, stand and/or walk for no more than 30 minutes at a time and for no more than one hour total in an eight-hour work day. (R. at 647.) Additionally, Dr. Lomeo opined that Hoag could lift/carry five pounds only occasionally, *id.*, and her RA interfered with her ability to perform both fine and gross dexterous movements with both her hands. (R. at 650.) The ALJ concluded, *inter alia*, that based on the inconsistency with the longitudinal medical evidence, including Dr. Lomeo's own treatment notes, as well as the inconsistency with examination findings made in 2009 and 2011, Dr. Lomeo's opinion was to be afford "little probative weight." (R. at 37.) Hoag objected to each of the ALJ's findings with regard to Dr. Lomeo. (Mot. for Summ. J. 22–27.) Rather than addressing each of Hoag's objections one-by-one in turn, Judge Novak addressed them generally. He found that substantial evidence supported the ALJ's

decision to afford less than controlling weight to Dr. Lomeo. As noted above, Judge Novak's decision was based on (1) Dr. Lomeo's own medical records; (2) other medical evidence; (3) Hoag's own statements; and (4) Hoag's hearing testimony. Because the ALJ and R&R applied the correct legal standard and came to a conclusion supported by substantial evidence, the Court OVERRULES Hoag's objection.

### B. Judge Novak properly concluded that substantial evidence supports the ALJ's evaluation of Plaintiff's credibility.

Hoag again argues that the R&R goes beyond the scope of review as its reasoning is completely absent from the ALJ's rationale. For the reasons previously mentioned above, this objection is overruled. *Rose*, 2012 WL 6026473, at *5.

Secondly, Hoag objects to the R&R's assessment of the ALJ's credibility analysis. Specifically, Hoag argues that the R&R and ALJ failed to take into consideration the waxing and waning as well as migratory nature of RA. Rather, the ALJ and R&R should have viewed the record on a longitudinal basis and in its entirety to see and understand why someone such as Hoag is unable to sustain work consistently.

Prior to proceeding with step four of the sequential analysis, the ALJ determines the claimant's RFC, and in doing so, incorporates the impairments that are based on objective medical evidence in the record and the claimant's credible complaints. *See* 20 C.F.R. §§ 416.920(e)-(f), 416.945(a)(1). The claimant must first satisfy a threshold test showing by "objective medical evidence a medical impairment reasonably likely to cause the pain claimed." *Craig*, 76 F.3d at 595; *see* 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1). After the claimant meets this burden, the ALJ must evaluate the credibility of the claimant's statements regarding the intensity and persistence of that particular pain and the extent to which this pain prevents claimant from working. *See Craig*, 76 F.3d at 595.

The ALJ's determination regarding the claimant's credibility is "to be given great weight," *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984), and should be assessed only to

determine whether it is supported by substantial evidence. *See Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997). "When factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" *Id.* (citing *NLRB v. Air Prods. & Chemicals, Inc.*, 717 F.2d 141, 145 (4th Cir. 1983)). Therefore, this Court must accept the ALJ's factual findings and credibility determinations unless "'a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" *Id.* (quoting *NLRB v. McCullough Envtl. Servs. Inc.*, 5 F.3d 923, 928 (5th Cir. 1993)) (internal quotations omitted).

In this case, the ALJ concluded that while Hoag did suffer from RA and depression, her inability to work is not credible. (R. at 36.) The ALJ explained that Hoag's "routine and conservative medical treatment and the mild objective findings are inconsistent with the severity of her allegations and diminish her credibility regarding the frequency and severity of her symptoms, and the extent of her functional limitations." (R. at 36.)

Judge Novak confirmed that substantial evidence supports the ALJ's determination. First, Judge Novak noted that Hoag was treated with non-surgical measures, except for one hand surgery, from which Hoag reportedly healed well within two months. (R. at 671.) Second, he noted that Hoag tolerated her medications well and these medications reportedly were helping. (R. at 517-18, 578, 666.) Third, although Hoag alleged that she suffered from depression, anxiety and panic attacks, she never sought mental health treatment. (R. at 58.) Furthermore, Judge Novak noted that Hoag's complaints of severe limitation and constant pain were inconsistent with both the objective medical evidence and Hoag's own statements. For example, Dr. Lomeo had noted that Hoag was "doing well on Remicade," was not experiencing stiffness, and that she had less swelling in both of her hands. (R. at 518.) In June of 2008, Dr. Lomeo reported that Hoag's RA was under control (R. at 576), and in March of 2009, Hoag had no joint swelling or pain at all. (R. at 612.) Additionally, with regards to Hoag's own statements, Hoag was capable of taking care of her personal needs and preparing her own meals (R. at 320),

8

she could help out with household cleaning (R. at 321), and she could go out by herself and drive herself (R. at 115, 322). Hoag now objects arguing that the R&R only pinpoints certain records that benefit its ultimate conclusion, rather than viewing the record in its entirety in order to fully understand the nature of RA.

The ALJ's credibility determination is supported by substantial evidence in the record. When the ALJ evaluates the intensity and persistence of the claimant's symptoms and the effect of those symptoms, the ALJ may consider objective medical evidence in making his conclusion. 20 C.F.R. § 416.929(c)(2). Additionally, among other factors, the ALJ may properly consider claimant's treatment, other than medication, the claimant's daily activities, prior work record, and the claimant's own statements about her symptoms. *See* 20 C.F.R. § 416.929(c)(3); *Johnson*, 434 F.3d at 658.

Further, while the claimant need not be "totally helpless or bedridden in order to be found disabled under the Social Security Act," *Totten v. Califano*, 624 F.2d 10, 11 (4th Cir. 1980), evidence of the claimant's daily activities or ability to function while on medication may undermine their claim of disability. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (holding that daily activities such as cooking, washing dishes, managing a household, grocery shopping, and cleaning and socializing at a local poolroom undermined a finding of a psychological disability); *Mastro*, 270 F.3d at 179 (holding daily activities such as riding a bike, walking in the woods, and travelling undermined the alleged intensity, frequency and duration of claimant's symptoms).

Accordingly, the ALJ correctly applied the law in concluding that Hoag's allegations regarding her inability to work was not credible based on the inconsistency with her routine and conservative medical treatment and the mild objective findings. Substantial evidence supports the ALJ's determination as to Hoag's credibility. For this reason, the Court ADOPTS Judge Novak's recommendation and OVERRULES Plaintiff's objection as to the ALJ's determination of her credibility.

## IV. CONCLUSION

For the reasons stated above, the Court OVERRULES Hoag's objections and ADOPTS Judge Novak's R&R as the ruling of this Court. Accordingly, Hoag's Motion for Summary Judgment (ECF No. 9) is hereby DENIED, Colvin's Motion for Summary Judgment (ECF No. 13) is hereby GRANTED, and the final decision of the Commissioner is hereby AFFIRMED.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this 30th day of September 2014.